IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Joy L. Baird, et al.,           :
                                :
     Plaintiffs,                :
                                :
v.                              :        Case No. 2:11-cv-634
                                :
                                :        Magistrate Judge Kemp
Unum Group, et al.,             :
                                :
     Defendants.                :
                                :


ORDER


     This case is before the Court to consider a motion to remand
filed by plaintiffs Joy L. Baird and Jack H. Baird. For the
reasons that follow, the motion to remand will be denied.

I. Introduction

     The Bairds brought this action in the Madison County Court
of Common Pleas asserting claims under the Employee Retirement
Income Security Act of 1974 ("ERISA"). Defendants Unum Life and
Unum Group (collectively "UNUM") removed the case from state
court to this Court on July 18, 2011, based on federal question
jurisdiction.

     The Bairds then moved to remand this case to state court.
Their sole argument is that the state court and this Court have
"concurrent jurisdiction over the subject matter of this action
and Plaintiffs have properly elected to file their action in the
Court of Common Pleas..."

     In its responsive memorandum, UNUM argues that the fact that
courts share concurrent jurisdiction is of no consequence in
removal analysis and that if a federal question- even one over
which the state and federal courts have concurrent jurisdiction-

is present, removal is proper and remand is inappropriate. For the reasons that follow, this Court agrees.

## II. Discussion

29 U.S.C. §1132 authorizes an ERISA plan beneficiary to file a civil action to recover benefits due under an ERISA plan. 29 U.S.C. §1132(a). ERISA gives state courts and United States District Courts concurrent jurisdiction over such actions. 29 U.S.C. §1132(e)(1). The Bairds' complaint seeks disability insurance benefits under an employee welfare benefit plan covered by ERISA. See 29 U.S.C. §1002(1). Although the complaint does not specifically cite to ERISA, the Bairds do not dispute that ERISA preempts any state law claims they may have and replaces them with a claim based on federal law, i.e. §1132. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

The removal statute, 28 U.S.C. §1441(a), provides in pertinent part as follows:

> [A]ny civil action brought in a State court
> of which the district courts of the United
> States have original jurisdiction, may be
> removed by the defendant or the
> defendants . . . .

This Court has original jurisdiction over federal question actions pursuant to 28 U.S.C. §1331. Consequently, the text of the removal statute plainly supports the removal of this case.

There is no statutory or case law supporting the Bairds' position that if concurrent jurisdiction exists, this Court can or should remand the case to state court. Rather, the cases uniformly hold that the "mere existence of concurrent jurisdiction, standing alone, is not a sufficient reason to remand an otherwise removable action." Nesbitt v. Bun Basket, Inc., 780 F.Supp 1151, 1153 (W.D. Mich. 1991), citing Aben v. Dallwig, 665 F. Supp. 523, 525 (E.D. Mich. 1987). See also Obeid v. Meridian Automotive Systems, 296 F.Supp.2d 751, 753 n. 1

(E.D.Mich. 2003) (stating that concurrent jurisdiction is of no consequence in the removal analysis); <u>Kabealo v. Davis</u>, 829 F.Supp. 923, 927 (S.D.Ohio 1993) (stating that the fact that federal and state courts have concurrent jurisdiction does not provide a basis for defeating defendants' right to remove the action to federal court); <u>Broom v. TRW Credit Data</u>, 732 F. Supp. 66, 69 (E.D. Mich. 1990)(noting the grant of concurrent jurisdiction alone was insufficient to defeat the right of removal granted under 28 U.S.C. §1441).

## III. <u>Conclusion</u>

Because the Bairds' claims are to recover benefits due under an ERISA plan, and because this Court shares concurrent jurisdiction with state courts over such claims, this case was properly removed. The Bairds have cited to no statutory basis for remand and there is no case law favoring their argument. Their motion to remand (#8) is therefore denied.


/s/ Terence P. Kemp
United States Magistrate Judge